LESTER H. STRYKER, ADMINISTRATOR, ETC., v. PENN-
SYLVANIA RAILROAD COMPANY.

Decided February 24, 1926.

**Negligence—Accident While Crossing Railroad Tracks—Duty of
Traveler to Wait Until Any Temporary Obstruction of His
View of Tracks Has Been Removed—Failure to do so is
Contributory Negligence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rule, *John S. Applegate & Son.*

*Contra, Reilly, Quinn & Parsons.*

PER CURIAM.

This was a suit brought under the Death act. The plain-
tiff's intestate was killed while driving his automobile across
the tracks of the railroad company at Sea Girt in the fore-
noon of October 24th, 1924, while on his way to the beach.

The trial resulted in a verdict in favor of the plaintiff,
and the defendant on this rule attacks that verdict, prin-
cipally upon the ground that the finding of the jury that
plaintiff's decedent was not guilty of contributory negligence
was contrary to the clear preponderance of the evidence.
This contention seems to us to be well founded. The undis-
puted testimony is that, as he reached the crossing, he stopped
his automobile at a point about thirty-five feet from the
tracks while a southbound train was passing; that when this
train cleared the crossing he started on immediately, and,
as he was passing over the tracks, was struck by a north-
bound train, a view of which was temporarily obstructed by
the train which had already passed. In the case of *Central*

*Railroad Co.* v. *Smalley,* 61 *N. J. L.* 277, the Court of Errors and Appeals, in dealing with a situation almost identical with that presented by the present case, declared that "the duty of a person who is about to cross a railroad track is to be prudent—to look and to listen and to do the things that will make looking and listening reasonably effective; if his vision is limited by transient obstructions or disturbances, he should wait until it has again become efficient to warn him of peril. To go on a railroad crossing in the way of a train, which can be. neither seen nor heard, but which would be either visible or audible except for some temporary hindrance to sight or hearing, is to be negligent." This principle was reiterated by that court in the later case of *Swanson, Administratrix,* v. *Central Railroad Co.,* 63 *N. J. L.* 605, the court stating that "it is the duty of the traveler upon a highway before crossing a railroad to look up and down the tracks, and also listen for approaching train, is temporarily diminished or destroyed by obstructions or disturbances which are transient in their nature, reasonable prudence required him to wait until such obstructions or disturbances have disappeared and his senses have again become efficient to warn him of danger before attempting the crossing." The cases of *West Jersey Railroad Co.* v. *Ewan,* 55 *Id.* 574, and *Pennsylvania Railroad Co.* v. *Pfuelb,* 60 *Id.* 278, are to the same effect.

The finding of the jury on the question of contributory negligence in the case now under consideration cannot be justified without entirely disregarding the legal principle laid down in the cases referred to.

The rule to show cause will be made absolute.